Filed 2/22/21  P. v. Zitzer CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ZACHARY ALAN ZITZER,<br><br>Defendant and Appellant. | A157250<br><br>(San Mateo County<br>Super. Ct. No. 18-SF-013650C) |

### MEMORANDUM OPINION[1]

Appellant Zachary Alan Zitzer appeals his conviction and sentence for identity theft in violation of Penal Code section 530.5, subdivision (a), and unlawful use of an access card in violation of Penal Code section 484i, subdivision (c).  His appointed counsel on appeal has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having conducted an independent review of the record pursuant to the holding in that case, we affirm.

### I.

One evening in November 2018, Foster City Police Officer Myra Valdivia was dispatched to the Costco store to investigate a suspected

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

fraudulent purchase. At Costco, Officer Valdivia spoke with a store employee, who told her that a man by the name Rio Breazile had tried to make fraudulent purchases with apparently false bank checks and identification. According to the store employee, Breazile presented a Costco membership card and California driver's license in the name of Joshua Dreis. The employee also showed Officer Valdivia a $2,366.76 check supposedly made out by Dreis that Breazile had attempted to use as payment for various items.

Officer Valdivia contacted Dreis, who informed her that he did not know Breazile and had not given Breazile authorization to make any purchases. The Costco employee provided Officer Valdivia with a cellphone video recording that depicted Breazile walking out of the Costco store and getting into a blue Dodge Ram pickup with dealership paper plates and another male inside.

Working with the Monterey Police Department, Officer Valdivia was able to identify Breazile and the other man in the truck, who was identified as Zitzer. Officer Valdivia circulated a TRAK notification flyer regarding the incident to other law enforcement agencies, alerting them to the information she had gathered. The information in the TRAK flyer came to the attention of Foster City Police Corporal Jenna Grimaldi.

A few days later, Officer Valdivia received an email from a Foster City police dispatcher who recognized the blue Dodge pickup from the TRAK flyer while ordering food at a Taco Bell drive-through. The police dispatcher also took photos of the driver of the blue Dodge pickup and emailed them to Officer Valdivia, who recognized the driver as Zitzer. Officer Valdivia updated the TRAK flyer with the new information and photograph.

Then, several days after that, Corporal Grimaldi was on patrol one evening in Foster City when she drove past a vehicle that she recognized as the blue Dodge Ram pickup from Valdivia's TRAK flyer notification. Corporal Grimaldi turned around to take a closer look and began following the truck, which she identified as an exact match to the photographs provided in the TRAK flyer.

Corporal Grimaldi followed the truck for a block, approximately two car lengths behind it, when it abruptly turned left without using a turn signal into a driveway at Bounty Drive, into the Foster's Landing apartment complex. Corporal Grimaldi followed the truck into the apartment complex, where it parked in a parking stall. After the truck parked, she activated her emergency lights to make a traffic enforcement stop. She found Zitzer in the driver's seat of the truck. Corporal Grimaldi was aware of the fraud investigation case and pulled Zitzer over as a suspect in the Costco incident.

Zitzer testified that he used his blinker when he made the left-hand turn while Corporal Grimaldi was driving behind him. During a search of Zitzer's truck, police recovered fraudulent identification cards, access cards, blank checks, and pay stubs. It was also discovered that Zitzer had purchased the truck using a stolen identity. A subsequent search of Zitzer's apartment during the execution of a warrant uncovered card-making equipment, thousands of pieces of mail addressed to other individuals, and a set of mailbox master keys.

## II.

After Zitzer was charged with various identity theft and drug-related charges, he filed a motion to suppress pursuant to Penal Code section 1538.5 on ground that the initial stop of Zitzer's vehicle by Corporal Grimaldi was unsupported by either reasonable suspicion or probable cause. The trial

3

court disagreed and denied the motion, finding that the vehicle stop was lawful based on the Vehicle Code violation Corporal Grimaldi observed and was secondarily justified by probable cause based upon vehicle identification information in the TRAK flyer, which was known to Corporal Grimaldi.

Following the denial of his motion to suppress, Zitzer pled no contest to two counts of identity theft (Pen. Code, § 530.5, subd. (a)) and one count of unlawful use of an access card (Pen. Code, § 484i, subd. (c)).  The remaining charges and allegations were dismissed in view of the plea.  Zitzer was sentenced to three years and four months in county jail.

The *Wende* brief filed by Zitzer's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744.  Zitzer was apprised of his right to file a supplemental brief, but he failed to file anything.  Following *Wende* guidelines, we have conducted an independent review of the record and conclude there are no meritorious issues to be argued on appeal.

## DISPOSITION

Zitzer's judgment of conviction, sentence, and all orders entered by the trial court in these proceedings are affirmed.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.

4